UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Stefan Dapergolas,

       Plaintiff,

v.

CSC Credit Services, Inc.;
Equifax Information Services, LLC;
Experian Information Solutions, Inc.;
Trans Union LLC; and
American Express

       Defendants.

**COMPLAINT
WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendants' false reporting and failing to remedy false reports on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable investigations with respect to such information.

## PARTIES

2. Plaintiff Stefan Dapergolas is natural person who resides in the city of Windham, NH, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant American Express Credit Corportiation does business in New Hampshire, is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). American Express Credit

Corporation has a principal office address of 200 Vesey Street, New York, NY 10285 and a registered agent CT Corporation System, 9 Capitol Street, Concord, NH 03301.

4. Defendant CSC Credit Services, Inc., ("CSC") is a credit bureau doing business in New Hampshire and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

5. Defendant CSC Credit Services, Inc. has a Principal office address of 652 N. Sam Houston PKWY. E. SUITE 433, Houston, TX 77060.

6. Defendant Equifax Information Services, LLC, ("Equifax"), is a credit bureau doing business in New Hampshire and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

7. Defendant Equifax Information Services, LLC has a principal office address of 1550 Peachtree St NE, Atlanta, GA, 30309 and a registered agent Corporation Service Company, 10 Ferry Street S313, Concord, NH 03301.

8. Defendant Experian Information Solutions, Inc., ("Experian") is a credit bureau doing business in New Hampshire and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant Experian Information Solutions, Inc. has a principal office address of 475 Anton Boulevard, Costa Mesa, CA 92626 and a registered agent CT Corporation System, 9 Capitol Street, Concord, NH 03301.

10. Defendant Trans Union LLC is a credit bureau doing business in New Hampshire and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

11. Defendant Trans Union LLC has a principal office address of 555 West Adams Street, Chicago, IL, 60661 and a registered agent, The Prentice-Hall Corporation System, Inc., 10 Ferry Street S313, Concord, NH 03301.

## JURISDICTION AND VENUE

12. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

13. Venue is proper in this Court because a substantial part of the claim arose in New Hampshire, and all Defendants "reside" in New Hampshire as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

14. This case arises from the misconduct of American Express which allowed thousands of dollars to be paid on Plaintiff's credit card through small transactions which should have raised a fraud alert.

15. The Plaintiff immediately disputed these payments to American Express who refused to remedy the issue.

16. American Express reported the debt as if it had not been disputed.

17. The alleged debt was primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. American Express' reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

19. The Plaintiff disputed the debt to CSC, Equifax and American Express.

20. Defendants CSC and Equifax share the same database.

21. CSC and Equifax are each responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared database.

22. In his letters to CSC and Equifax, Plaintiff explained that the debt being collected was in dispute.

23. CSC and/or Equifax indicated to Plaintiff that they refused to accept his documentation.

24. CSC and/or Equifax notified American Express of Plaintiff's dispute.

25. In the alternative, neither CSC nor Equifax notified American Express of Plaintiff's dispute.

26. Neither CSC nor Equiax provided American Express with the documentation Plaintiff had provided to CSC and Equifax.

27. There was no indication in Plaintiff's CSC credit report that the American Express account was disputed.

28. Plaintiff disputed the American Express debt to Experian.

29. Experian indicated to Plaintiff that it refused to accept his documentation.

30. Experian notified American Express of Plaintiff's dispute.

31. In the alternative, Experian failed to notify American Express of Plaintiff's dispute.

32. Plaintiff received investigation results from Experian.

33. Experian's investigation results indicated that the debt had been "verified."

34. The indication that the American Express debt had been verified was inaccurate.

35. There was no indication in Plaintiff's Experian credit report that the American Express account was disputed.

36. Plaintiff disputed the American Express Debt to Trans Union.

37. Trans Union indicated to Plaintiff that it refused to accept his documentation.

38. Trans Union notified American Express of Plaintiff's dispute.

39. In the alternative, Trans Union failed to notify American Express of Plaintiff's dispute.

40. Trans Union did not provide American Express with the documentation Plaintiff had provided to Trans Union.

41. Trans Union's investigation results indicated that The American Express Account had been "verified."

42. That indication was inaccurate.

43. There was no indication in Plaintiff's Trans Union credit report that the American Express account was disputed.

44. Plaintiff disputed to various consumer reporting agencies the inaccurate reporting of the American Express account multiple times, including without limitation the disputes specified herein.

45. Due to Defendants' respective failures to conduct reasonable investigations of Plaintiff's disputes, the indication on Plaintiff's credit reports that he owed this debt to American Express was not appropriately deleted or modified.

46. Throughout the recent past numerous creditors denied Plaintiff's application for credit due at least in substantial part to the inaccurate American Express account on Plaintiff's credit reports.

47. As a result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress.

## TRIAL BY JURY

48. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### CSC, EQUIFAX, EXPERIAN, AND TRANS UNION

49. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

50. Defendants CSC, Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

51. Defendants CSC, Equifax, Experian, and Trans Union willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file.

52. As a result of CSC's, Equifax's, Experian's, and Trans Union's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

53. CSC's, Equifax's, Experian's, and Trans Union's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

54. Plaintiff is entitled to recover costs and attorney's fees from Defendants CSC, Equifax, Experian, and Trans Union pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT II:**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,**
**15 U.S.C. § 1681s-2(b)**
**AMERICAN EXPRESS**

55. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

56. Defendant American Express willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

57. As a result of American Express' violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

58. American Express' actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

59. Plaintiff is entitled to recover costs and attorney's fees from Defendant American Express pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III:
## CREDIT DEFAMATION
## ALL DEFENDANTS

60. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

61. Defendants' foregoing actions and omissions, including but not limited to reporting errors on Plaintiff's credit reports, constitute credit defamation.

62. Defendants' foregoing actions and omissions were intentional and malicious.

63. As a result of Defendants' intentional and malicious credit defamation, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress.

**COUNT V:**
**NEGLIGENCE**
**ALL DEFENDANTS**

64. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

65. Defendants' foregoing actions and omissions constitute a breach of Defendants' duty to Plaintiff.

66. Defendants' foregoing actions were intentional and malicious.

67. As a result of Defendants' intentional and malicious negligence, Plaintiff has suffered actual damages including without limitation credit denials, out-of-pocket expenses, detriment to his credit rating and emotional distress.

**WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

  a.) Plaintiff's actual damages;

  b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

  c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

  d.) Such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: October 5, 2023                                Plaintiff
                                                      By and through his counsel

                                                      /s/ Keith A. Mathews
                                                      Keith A. Mathews, Esq.
                                                      NH Bar No. 20997
                                                      1000 Elm Street, Suite 800
                                                      Manchester, NH 03101
                                                      (603) 622-8100
                                                      (888) 912-1497 fax
                                                      Keith@awplegal.com