**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE (CONCORD)**

---

STEFAN DAPERGOLAS,                               CASE NO. 1:23-cv-00459-LM
        Plaintiff,

    vs.

CSC CREDIT SERVICES, INC.;
EQUIFAX INFORMATION SERVICES,
LLC; EXPERIAN INFORMATION SOLUTIONS,
INC.; TRANS UNION LLC; and AMERICAN
EXPRESS;
        Defendants.

---

**DEFENDANT TRANS UNION, LLC'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

---

Defendant consumer reporting agency Trans Union, LLC ("Trans Union"), by counsel, submits its Memorandum in Support of its Motion For Summary Judgment (the "Motion").

The Motion should be granted in this unprosecuted alleged Fair Credit Reporting Act ("FCRA") case where Plaintiff has entirely failed to provide any evidence to support her claims that Trans Union failed to correct alleged fraudulent charges on Plaintiff's admittedly owned American Express account on his credit report, where Plaintiff has taken no action whatsoever in the prosecution of his claims and because:

A.     Plaintiff's refusal to respond at all to Trans Union's Requests For Admission properly served over 2 months ago – now deemed admitted as a matter of law – and Trans Union's reliance thereon provide an independently sufficient basis for granting the Motion, where Trans Union has reasonably relied upon them, discovery has closed and there are no merits to preserve by withdrawal.

Accordingly:

1.      Plaintiff's claims regarding the reporting and verification of information on his credit file fail as a matter of law because Plaintiff admits that Trans Union did not report inaccurate information about him to a third party, that Trans Union followed reasonable procedures to assure maximum possible accuracy of the information Trans Union reported about him and Trans Union's reinvestigations of Plaintiff's disputes regarding the information on Plaintiff's Trans Union credit file were reasonable; and

2.      Plaintiff's claims against Trans Union also fail as a matter of law because Plaintiff admits that he did not suffer any damages as a result of Trans Union's conduct.

## I.      STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.      Procedural Facts.

On October 6, 2023, Plaintiff filed his Complaint in this Court. See Doc. No. 1. The Complaint alleges that Trans Union "violated [the FCRA] by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports" and "by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file." See Complaint at ¶¶ 50-51.  It appears from reading the Complaint as a whole, Plaintiff's claims against Trans Union relate to the alleged reporting and verification of a allegedly fraudulent charges to his American Express account appearing on her Trans Union credit file.[1]  See Declaration of William M. Huse, attached hereto ("Huse Declaration") ¶ 12.

On November 12, 2024, the Court entered an Endorsed Order adopting a Motion to Amended Proposed Discovery Plan [Doc. 35 and 33] setting a deadline for fact discovery for

---

[1] To the extent Plaintiff is attempting to assert a claim under 15 U.S.C. 1681s-2, such sections provide for responsibilities that are directed at furnishers of credit information and not at credit reporting agencies, such as Trans Union, and may not even provide a private right of action for consumers.  See Parker v. Capital One Auto Finance, No. 1:15-cv-826, 2015 WL 7864182, *3 (S.D. Ind. Dec. 3, 2015).

January 6, 2025 and a dispositive motion deadline of January 3, 2025. See Endorsed Order of November 12, 2024. On October 24, 2024, Trans Union properly served its First Set of Interrogatories, First Set of Requests For Production of Documents and First Set of Requests For Admission ("Requests For Admission") (collectively, the "Discovery Requests") by certified mail at the address listed for Plaintiff in the Complaint. See Declaration of William M. Huse, attached hereto as Exhibit 1 ("Huse Declaration"), at ¶ 3. On November 5, 2024 a certified copy of the Discovery Requests was received and signed for at Plaintiff counsel's address. See id. at ¶ 4. Plaintiff's responses to the Discovery Requests were due on November 24, 2024. See id. at ¶ 5. However, Plaintiff refused to respond to or seek an extension for responding to the Discovery Requests and has failed to serve any discovery requests on Trans Union. See id. at ¶¶ 6-7.

Trans Union was never placed on notice of any inaccuracy of the American Express account or the unreliability of American Express, Trans Union reasonably relied on American Express' reporting and Trans Union maintains numerous, varied procedures to assure the maximum possible accuracy of the information it reports. See Declaration of Roger Powell-Long, attached hereto as Exhibit 2 ("Powell-Long Decl."), at ¶¶ 4-13. Also, Trans Union has no record that Plaintiff disputed any information with Trans Union within the five years immediately proceeding the filing of the Complaint in this litigation. Id. at ¶ 10.

### B.    Material Facts Deemed Admitted By Plaintiff.

Pursuant to Rule 36, Plaintiff has admitted the following by failing to timely respond to Trans Union's Requests For Admission:

- Plaintiff does not have any state or common law claims against Trans Union. See Huse Declaration at ¶ 8a.

- Trans Union has not violated any provision of the FCRA with respect to Plaintiff. See id. at ¶ 8b.

- Trans Union followed reasonable procedures to assure maximum possible accuracy of the information Trans Union reported with respect to Plaintiff. See id. at ¶ 8c.

- Trans Union's reinvestigations of Plaintiff's disputes regarding the information Trans Union reported with respect to Plaintiff were reasonable. See id. at ¶ 8d.

- Trans Union never furnished inaccurate information about Plaintiff in a credit report to any third party. See id. at ¶ 8e.

- Trans Union never furnished Plaintiff's credit report to a third party. See id. at ¶ 8f.

- Trans Union did not knowingly, intentionally or recklessly commit any act or omission in conscious disregard for Plaintiff's rights. See id. at ¶ 8g.

- The actions of Trans Union in handling Plaintiff's credit file and in dealing with Plaintiff were not done with the intent to harm Plaintiff. See id. at ¶ 8h.

- Plaintiff was not damaged as a result of any act or omission on the part of Trans Union. See id. at ¶ 8i.

- Plaintiff was not denied credit or had terms changed as a result of the information Trans Union reported with respect to Plaintiff. See id. at ¶ 8j.

- Plaintiff did not suffer any emotional distress, humiliation, embarrassment or mental anguish as a result of Trans Union's conduct. See id. at ¶ 8k.

- Plaintiff did not suffer any out-of-pocket loss as a result of any inaccurate information Trans Union reported with respect to Plaintiff, see id. at ¶ 8l; and

- Plaintiff did not incur any expenses in connection with medical, spiritual or counseling treatment resulting from the events which form the basis of this litigation. See id. at ¶ 8m.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a).

If the moving party satisfies its burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The existence of a scintilla of evidence in support of the non-moving party, however, is not enough to show a genuine issue of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and warrants summary judgment. See Celotex, 477 U.S. at 323.

A moving party may succeed at summary judgment merely by pointing to the absence of evidence proffered by the non-moving party. See id. at 322. As Plaintiff cannot provide any evidence in support of her claims, the Motion should therefore be granted.

## III.    PLAINTIFF'S REFUSAL TO RESPOND AT ALL TO TRANS UNION'S PROPERLY SERVED REQUESTS FOR ADMISSION – NOW DEEMED ADMITTED AS A MATTER OF LAW – AND TRANS UNION'S RELIANCE THEREON PROVIDE AN INDEPENDENTLY SUFFICIENT BASIS FOR GRANTING THE MOTION, WHERE DISCOVERY HAS CLOSED.

Rule 36 governs the consequences of a party's failure to respond to requests for admission and provides, in relevant part:

> (a)(3) Time to Respond: Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written

> answer or objection addressed to the matter and signed by the party
> or its attorney.
>
> (b) Effect of an Admission; Withdrawing or Amending It.  A matter
> admitted under this rule is conclusively established unless the court,
> on motion, permits the admission to be withdrawn or amended.

Fed. R. Civ. P. 36. By the plain language of Rule 36, a party's refusal to respond to a request for admission within 30 days results in automatic admission of those matters subsumed by the request and conclusively establishes the admitted facts as the law of the case. See id.

No court intervention is required for an admission to be established. See, e.g., Human Resource Development Press, Inc. v. IKON Office Solutions, Inc., 246 F.R.D. 82, 85 (D. Mass. 2007); see also Windle v. Ind., No. 1:18-cv-01212-SEB-TAB, 2019 WL 6724605, at *4 (S.D. Ind. Dec. 10, 2019) ("Rule 36(a) is self-executing, meaning that no court intervention is necessary for an admission to be established, and failure to timely respond results in the admission of the matters raised in a request for admissions.") (quoting Hardwick v. John and Mary E. Kirby Hosp., No. 10-CV-2149, 2011 WL 4433764, at *2 (N.D. Ill. Sept. 22, 2011)); Mangan v. Broderick & Bascom Rope Co., 351 F.2d 24, 28 (7th Cir. 1965) ("Where no response is made to requests for admissions, the party making the requests is entitled to rely thereupon and no further proof is required to be made of the facts thus admitted").

The First Circuit has expressly held that deemed admissions under Rule 36 are sufficient to support entry of summary judgment. See Foss v. Marvic Inc., 994 F.3d 57, 64-65 (1st Cir. 2021). Moreover, conclusive admissions cannot be overcome at the summary judgment stage. See Alas Glass & Mirror, Inc. v. Tri-North Builders, Inc., 997 F.3d 367, 373 (1st Cir. 2021).

Trans Union properly served the Requests For Admission on Plaintiff by certified mail at the address listed for Plaintiff's counsel on the Court's docket. See Huse Declaration at ¶ 3.  Such service was complete upon mailing. See Fed. R. Civ. P. 5(b)(2)(C) (stating that proper service is

made by "mailing [a copy] to the person's last known address – in which event service is complete upon mailing"). Indeed, a certified copy of the Discovery Requests was received and signed for at Plaintiff counsel's address. Id.at ¶ 4. Plaintiff was required, to timely respond to the Requests within 30 days of service. Fed. R. Civ. P. 36(a)(3). In fact, Trans Union so indicated on the first page of the Requests For Admission. Plaintiff did not and has not done so. Id. at ¶ 6.

Consequently, all the Requests For Admission are deemed admitted as a matter of law. See Fed. R. Civ. P. 36(b); see also Human Resource Development Press, Inc., 246 F.R.D. at 85. As discussed below, the Admissions are fatal to all of Plaintiff's claims against Trans Union, on multiple, independently sufficient grounds, and Trans Union is entitled to summary judgment.

Moreover, Trans Union relied upon the Admissions by not seeking any additional discovery, including foregoing taking Plaintiff's deposition. See Huse Declaration at ¶ 9. Trans Union also relied on the Admissions by not seeking to compel responses to its Interrogatories and Requests For Production of Documents, to which Plaintiff also refused to respond. Id. at ¶ 10.

Although Plaintiff has not sought permission to withdraw her Admissions, even if he were to do so, such a request should be denied. Generally, a "court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). However, when a party has entirely ignored all discovery requests, the presentation of the merits should not to be considered. Plaintiff has refused to respond to the Requests for Admission, any of the Discovery Requests or serve discovery on Trans Union and, as such, allowing Plaintiff to withdraw his admissions would not promote the presentation of the merits and thus should not be allowed.

Further, the efficient presentation of the merits is served by the Admissions as Plaintiff cannot maintain a viable claim against Trans Union.  Despite Plaintiff's claims that Trans Union reported the allegedly inaccurate charges on a single American Express account and did not conduct a  reasonable reinvestigation, see Huse Declaration at ¶ 12, Plaintiff has failed to provide any evidence to support these claims.  See Huse Declaration at ¶ 11.   In fact, the only evidence regarding Trans Union's reporting is to the contrary – Trans Union was never placed on notice of any inaccuracy of the American Express account or the unreliability of American Express, Trans Union reasonably relied on American Express' reporting and Trans Union maintains numerous, varied procedures to assure the maximum possible accuracy of the information it reports.  See Powell-Long Decl. at ¶¶ 4-13.  Also – the only evidence available is that Plaintiff never disputed any information with Trans Union within the five years immediately proceeding the filing of this litigation.  Id. at ¶ 10.

Moreover, permitting Plaintiff to withdraw the Admissions following the close of discovery would unfairly prejudice Trans Union. See Foss, 994 F.3d at 64 (stating that District Court did not error by refusing to withdraw deemed admissions where plaintiff was represented by counsel and where delay in moving to withdraw admissions would further delay proceedings); see also Zimmerman v. Cambridge Credit Counseling Corp., 529 F.Supp.2d 254 (D. Mass. 2008) (identifying party's unreasonable explanation for delay in responding to discovery as basis for denying motion to withdraw deemed admissions); Nasrabadi v. Kameli, No. 18 CV 8514, 2020 WL 4274002, at *2 (N.D. Ill. July 23, 2020) ("Examples of such prejudice include where a party suffers prejudice to its trial preparation, or after significant delay the party foregoes discovery that it otherwise would have pursued but is now foreclosed from pursuing") (internal citations omitted); Branson v. Celedon Trucking Servs., Inc., No. 1:14-cv-01009-JMS-MJD, 2014 WL 5640774, at

*1 (S.D. Ind. Nov. 3, 2014) (citing <u>Wilson</u> and noting that prejudice is established where a "party had filed for summary judgment in partial reliance on the admissions and discovery had already closed"); <u>Baynham v. Meridian Servs. Corp.</u>, No. 1:11-cv-00129-TWP-MJD, 2012 WL 2792318, at *2 (S.D. Ind. July 9, 2012) ("The type of prejudice required to satisfy Rule 36(b) is an admission which induces the serving party to forbear from conducting other discovery in reliance upon the admission").

Given Plaintiff's failure to participate in discovery or even respond to Trans Union's correspondence, Trans Union had no choice but justifiably forgo taking Plaintiff's deposition, and Trans Union has substantially relied on the Admissions by not proceeding with any additional discovery. Should Plaintiff move to withdraw the Admissions and the Court granted such and reopened discovery, Trans Union would be prejudiced as a result of its reasonable reliance on the Admissions and delay in its trial preparation and would have to begin its investigation of Plaintiff's claims anew and prepare a new defense. As such, any attempt by Plaintiff to withdraw the Admissions should fail.

**A.    Plaintiff's Claims Regarding The Reporting And Verification Of Information On His Credit File Fail As A Matter Of Law Because Plaintiff Admits That Trans Union Did Not Report Inaccurate Information About Him To A Third Party, That Trans Union Followed Reasonable Procedures To Assure Maximum Possible Accuracy Of The Information Trans Union Reported About Him And Trans Union's Reinvestigations Of Plaintiff's Disputes Regarding The Information On Plaintiff's Trans Union Credit File Were Reasonable.**

Plaintiff's Admissions preclude any FCRA claim that Plaintiff could allege as he, "[a]dmit[s] that Trans Union has not violated <u>any</u> <u>provision</u> of the [FCRA] with respect to

[Plaintiff]." See Huse Declaration at ¶ 8b (emphasis added). This Admission alone is fatal to any FCRA claim that Plaintiff could have asserted in the Complaint.[2]

In the Complaint, Plaintiff alleges that Trans Union "violated [the FCRA] by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports" and "by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file." See Complaint at ¶¶ 50-51. The FCRA sets forth requirements associated with the duties of a CRA, such as Trans Union, to maintain procedures to assure maximum possible accuracy of the information it reports, 15 U.S.C. § 1681e(b), and to reasonably reinvestigate information that a consumer disputes. 15 U.S.C. § 1681i. To prevail on a claim for violation of §1681e(b), Plaintiff must establish that: (1) Trans Union reported inaccurate information about Plaintiff; (2) Trans Union negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about Plaintiff; (3) Plaintiff was injured; and (4) Trans Union's conduct was the proximate cause of Plaintiff's injury. See Richardson v. Fleet Bank of Mass., 190 F.Supp.2d 81, 85 (D. Mass. 2001).

Similarly, to prevail on a claim for a violation of §1681i, Plaintiff must establish that: (1) Trans Union reported inaccurate factual information about Plaintiff; (2) Trans Union negligently or willfully failed to conduct a reasonable reinvestigation into Plaintiff's dispute; (3) Plaintiff was injured; and (4) Trans Union's conduct was the proximate cause of Plaintiff's injury. See DeAndrade v. Trans Union, LLC, 523 F.3d 61 (1st Cir. 2008). As discussed above, and notwithstanding Plaintiff's unsupported Complaint allegations that he disagrees with American

---

[2] It appears from reading the Complaint as a whole, her claims against Trans Union relate to the alleged reporting and verification of charges appearing on a single AMEX account appearing on her Trans Union credit file. See Huse Declaration at ¶ 12.

Express' reporting, Plaintiff has admitted that Trans Union never furnished inaccurate information about him in a consumer report to any third party. See Huse Declaration at ¶ 8f.  Moreover, Plaintiff admits that "Trans Union followed reasonable procedures to assure maximum possible accuracy of the information Trans Union reported with respect to Plaintiff," see id. at ¶ 8c, and "Trans Union's reinvestigation[s] of [hid] dispute[s] regarding the information Trans Union reported with respect to [Plaintiff] were reasonable." See id. at ¶ 8f.  Finally, Plaintiff admits that he was not damaged as a result of any act or omission by Trans Union. See id. at ¶ 8i.  As Plaintiff cannot satisfy the prima facie elements of  §1681e(b) or §1681i, Plaintiff's claims fail as a matter of law.

**B.      Plaintiff's Claims Against Trans Union Also Fail As A Matter Of Law Because Plaintiff Admits That He Did Not Suffer Any Damages As A Result Of Trans Union's Conduct.**

In addition, Plaintiff cannot avoid summary judgment as he cannot prove damages by Trans Union's purported violation of the FCRA. See Richardson, 190 F.Supp.2d at 87.

Plaintiff alleges "creditors denied Plaintiff's application for credit."  See Complaint at ¶ 46.   However, to overcome a summary judgment motion, a plaintiff must present definite, competent evidence to rebut the motion. See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  Indeed, Plaintiff has admitted that: (1) he was not damaged as a result of any act or omission on the part of Trans Union; (2) he was not denied credit or had terms changed as a result of the information Trans Union reported with respect to him; (3) she did not incur any expenses in connection with medical treatment resulting from the events which form the basis of this litigation; (4) she did not suffer any emotional distress, humiliation, embarrassment or mental anguish as a result of Trans Union's conduct; and (5) she did not suffer any out-of-pocket loss as a result of any inaccurate information reported by Trans Union. See Huse Declaration at ¶¶ 8a-8m. Moreover, Plaintiff refused to provide Trans Union with any documents or information to support

his claims against Trans Union beyond his Complaint. See id. at ¶ 11.  Consequently, Plaintiff's

FCRA claims fail in their entirety and Trans Union is entitled to judgment as a matter of law.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendant Trans Union, LLC respectfully requests that

the Court grant its Motion For Summary Judgment, dismiss Plaintiff's claims against Trans Union

and award Trans Union any and all other just and proper relief.

Date:  January 3, 2025                                        Respectfully submitted,


/s/ William M. Huse
William M. Huse, Esq. (IN# 31622-49)
 (admitted *Pro Hac Vice)*
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 603
Fax:  (317) 899-9348
E-Mail: whuse@qslwm.com

*Counsel for Defendant Trans Union, LLC*

Lisa Snow Wade, Esq. (NH Bar No. 5595)
Orr & Reno, P.A.
45 South Main Street, P.O. Box 3550
Concord, NH  03302-3550
Telephone:  603-223-9150
Fax:  603-223-9050
E-Mail:  lwade@orr-reno.com

*Local Counsel for Defendant Trans Union, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **3rd day of January, 2025**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Keith A. Mathews, Esq.<br>keith@awplegal.com | Brandon L. Arber, Esq.<br>barber@shb.com |
|---|---|
| Christopher Cole, Esq.<br>ccole@sheehan.com | Danielle Andrews Long, Esq.<br>dlong@rc.com |
| Patrick L. Wright, Esq.<br>pwright@jonesday.com | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **3rd day of January, 2025**, properly addressed as follows:

| None | |
|---|---|

/s/ William M. Huse
William M. Huse, Esq. (IN# 31622-49)
 (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 603
Fax:  (317) 899-9348
E-Mail: whuse@qslwm.com

*Counsel for Defendant Trans Union, LLC*